LATHROP *against* ALLEN and others.

IN ERROR, to the Court of Common Pleas of *Otsego* unty.

The plaintiff, as supervisor of the town of *Cherry Valley,* ought an action of debt against the defendants, *Allen,* and S d S. his sureties, on a bond dated *November* 25, 1818, for 3,301 llars and 84 cents, conditioning that if the defendant, *Allen,* d, in all things, duly and faithfully execute and perform all and gular the duties of his office as collector of the town of *Cherry*

In an action brought on a bond given by a collector of taxes, against him and his sureties, the declaration alleged the delivery of the tax-list and assessment roll to the collector, and the warrant of

supervisors requiring him to collect and pay over the amount, including *fees for* collection, and igned as a breach of the condition of the bond the non-payment of the amount on which the mages were assessed ; It was held bad, and the judgment of the Court of Common Pleas for the fendant, on the insufficiency of the declarations, was affirmed.

*Valley*, without any fraud or delay, &c. then, &c. The plaintiff after setting forth the bond and condition, averred that *Allen* after the execution of the bond, to wit, on the 25th of *November*, took upon himself the office of collector, &c. and received from the plaintiff the assessment roll of the town of *Cherry Valley*, with a list of the taxes to be collected for the year 1818 with a warrant from the board of supervisors of the county, requiring him to collect from the persons mentioned in the assessment roll, the several sums mentioned, &c. amounting together to 1,642 dollars and 92 cents, and to pay over to the treasurer of the county, on or before the first day of *February* then next, the sum of 891 dollars and 90 cents, and to the commissioners of the common schools of the town of *Cherry Valley* 186 dollars and 10 cents, and to the plaintiff, as supervisor &c. the sum of 556 dollars and 92 cents, including fees for collection ; that the defendant *Allen*, also, on the same day, received from the plaintiff a warrant of the board of supervisors requiring him, according to the provisions of the act, &c. to collect from two quakers in *Cherry Valley*, within sixty days the sum of four dollars each, and pay the same to the treasurer of the county. The plaintiff further alleged, that the defendant *Allen* did not duly and faithfully perform the duties of his office as collector, &c. but made default in this, to wit, that he neglected, omitted and refused to collect and pay over to the treasurer of the county of *Otsego*, on or before the first day of *February* then next, and now last past, the said sum of 899 dollars and 90 cents, &c. but that a large sum, to wit, 864 dollars and 73 cents, being part thereof, still remained due and unpaid nor did he in any manner, nor has he yet, accounted with, paid or satisfied the treasurer for the same; nor did he, on or before the said first day of *February*, collect and pay over to the commissioners of common schools of the town of *Cherry Valley* the said sum of 186 dollars and 10 cents, &c. but that the same still remains due and unpaid, &c. The plaintiff further assigned as breaches of the condition of the said bond, &c. to wit, " that a large sum of money, to wit, the sum of 864 dollars and ? cents, being part of the money so ordered and required to be collected, was collected by and remained in the hands of the defendant *A.*, as collector ; yet, although often requested, &c. he did not, nor hath he yet paid over the same to the treasurer

of the county of *Otsego*, nor hath he in any manner accounted with or satisfied the said treasurer for the same, but has wholly failed and made default, and hitherto refused and still refuses to pay, satisfy, or account with the said treasurer for the same. And that the said sum of 864 dollars and 73 cents being part of the amount which the defendant *A.* was so directed to collect, and pay over, &c. remaining unsatisfied and unaccounted for, the treasurer of the county of *O*, afterwards, to wit, on the 27th day of *February*, 1819, according to the act, &c. issued his warrant to the sheriff of the county of *O.*, commanding him to cause the said sum to be levied and made of the goods and chattels, lands and tenements, of the said *A.*, and to return the money to him, the said treasurer, in forty days, &c. which warrant was, afterwards, duly returned by the sheriff of *O.* with an endorsement thereon that the said *A.* had no goods or chattels, lands or tenements, whereof the said sum of money could be made, &c. of all which premises due notice was given by the treasurer to the plaintiff, according to law, before the commencement of this suit : By reason whereof, &c. an action accrued to the plaintiff, &c. Judgment for want of a plea was entered in the Court below, and a writ of inquiry awarded to assess the damages, and an inquisition returned, assessing the damages at 857 dollars and 88 cents : The defendants moved in arrest of judgment, for the insufficiency of the declaration ; and the Court below ordered judgment to be arrested. The plaintiff thereupon, in order that he might bring a writ of error, prayed judgment against himself, and in favour of the defendants, for the insufficiency of the declaration, which was granted, &c.

*L. Beardsley* for the plaintiff in error. The case now before the Court is to be viewed in the same light, as if there had been a verdict for the plaintiff, and any defects in the declaration which are cured by a verdict, are to be deemed as cured. (2 *Wils.* 261. 3 *Burr.* 1725. 2 *Johns.Rep.* 50. 11 *Johns Rep.* 141. 1 *Wils.* 255. *T. Raym.* 15, 16. 487. 3 *Bl. Com.* 394. 2 *Tidd's Pr.* 825. 1 *Sellon's Pr.* 498, 499.) The declaration contains every material and necessary allegation to support the action, and pursues the statute. (2 *N. P. L.* 125, 126. 513.) The breaches, also, are well assigned. The collector is required by the act (2 *N. R. L.* 138. sess. 3.) to account

ALBANY,
August, 1821.

LATHROP
v.
ALLEN.

with the treasurer for all the money which he collects, or is di rected to collect ; and if he neglects to do so his bond becomes forfeited. By suffering a default, the defendants admit that the breaches are well assigned; and the jury have found them to be true. If some of the breaches are well assigned, and some bad and the defendant demurs generally, the plaintiff is entitled to judgment for those which are well assigned. (2 *Saund.* 380. 1 *Saund.* 286. n. 9. *Cro. Jac.* 557.)

*Seelye,* contra. 1. It is made the duty of the supervisors to deliver the tax list, with their warrant, to the collectors, on or before the first day of *November,* in each year; ( 2. *N. R. L.* 511 sess. 4.) but it appears by the declaration, that the tax list and warrant were not delivered, in this case, until the 25th of *November,* and no excuse is shown for the delay. If the supervisors might delay the delivery of the tax list and warrant for a month, they might delay it until the very last day, and then if the collector was in default, bring their action against his sureties. It is obvious from the act, that it was the intention of the legislature, that the collectors should have three months for making their collections.

2. It appears from the declaration, that the plaintiff seeks to recover of the sureties of *A.* the *fees of collection,* as well as the amount which the treasurer was entitled to receive. The amount of the tax list is 899 dollars and 90 cents, including the collector's fees, and the first breach assigned is for the nonpayment of that sum to the county treasurer ; but the exact sum due to the treasurer was only eight hundred and fifty-four dollars. A *surety* cannot be made responsible beyond the legal liability of his principal. The plaintiff must set forth his cause of action according to his legal rights. If the breach varies from the sense or substance of the covenant or contract, it is insufficient. ( 1 *Chitty's Pl.* 328. *Sir T. Jones' Rep.* 125.)

3. The two first assignments of breaches in the declaration show no cause of action. The statute (2 *N. R. L.* 126. sect. 1.) requiring the collector to give security, directs the mode of giving the bond ; that it shall be given in double the amount of taxes to be collected. The bond cannot become forfeited, until the collector makes default in paying over the money ; nor until after the county treasurer has issued his warrant against the collector, and it is returned *nulla bona,* &c. Now, there is no

erment of these facts in the two first assignments of breaches. The assignment of each breach should show a good cause of action. No resort can be had to the third assignment of breach in this case, to help the first ; for each must be good and perfect in itself. (13 *Johns. Rep.* 483. 10. *Cro. Eliz.* 560. *Co.* 2.) There being a judgment by default in this case, it is not to be considered as if there was a verdict. It is rather like the case of a general demurrer to the assignments of the two first breaches. (2 *Burr.* 900. 10 *East's Rep.* 363.) But we contend that the defect would not be cured by a verdict, had it come before the Court in that shape. (1 *Saund.* 228. *n.* 1. *Saund.* 178.)

4. The bond being taken for more than double the amount of the tax list, is not pursuant to the statute. It includes the commutation of the two quakers, for which the sureties of the collector were not liable. A failure of the collector to pay over the amount of the tax list, is the only ground of forfeiture of the bond, according to the act; but the plaintiff claims the whole.

*Per Curiam.* Without going into a particular consideration of all the points made on the argument of this cause, it is sufficient for its determination to advert to one of them only, which is decisive against the plaintiff in error. If we take into view the whole of the declaration and the breaches assigned, it is evident that the plaintiff has, by the inquisition, recovered damages to which he is not entitled, either against the collector or his sureties, namely, the *fees of collection* given by the statute to the collector. It is to be intended that the damages have been assessed on the breaches as assigned. We are, therefore, of opinion that the judgment of the Court below ought to be affirmed.

Judgment affirmed.